# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 21-mj-2733 |
| CALLEN WILLIAMS | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of January 26, 2021 in the county of Davidson in the Middle District of Tennessee, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 26 United States Code Section 5861(d) | Possession of a firearm not registered to that individual in the National Firearms Registration and Transfer Record. |

This criminal complaint is based on these facts:

See Attached statement in support of complaint

☑ Continued on the attached sheet.

Bridgette Mason
*Digitally signed by Bridgette Mason*
*Date: 2021.01.27 10:05:23 -06'00'*

*Complainant's signature*

S/A Bridgette Mason ATF
*Printed name and title*

Sworn to me remotely by telephone, in compliance with Fed. R. Crim. P. 4.1.

Date: January 27, 2021

*Judge's signature*

City and state: Nashville, Tennessee

Hon. Jeffrey S. Frensley
*Printed name and title*

# STATEMENT IN SUPPORT OF CRIMINAL COMPLAINT

I, Bridgette Mason, having been duly sworn, hereby depose and swear to the following:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since January 2016. I am currently assigned to the Nashville Field Division, Nashville V Field Office. As a Special Agent for the ATF, I am familiar with federal statutes, including 26 U.S.C. § 5861(d), which makes it unlawful for a person to possess a firearm which is not registered to him in the National Firearms Registration and Transfer Record.

2. The facts contained in this affidavit are based on firsthand knowledge or information learned during this investigation from law enforcement sources or from witnesses. This affidavit does not contain each and every detail known by me regarding this investigation. Instead, this affidavit provides information necessary to establish probable cause to arrest Callen Williams for unlawfully possessing a firearm which is not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C.§ 5861(d). Except where indicated, all statements referenced herein are set forth in substance and in part, rather than verbatim.

3. On January 26, 2021, at approximately 1:18 a.m., Metropolitan Nashville Police Department ("MNPD") officers were dispatched to 308 Plus Park Boulevard, Building N, Nashville, Tennessee – which is within the Middle District of Tennessee – in reference to a "shots fired" call.

4. The officers arrived on scene at approximately 1:29 a.m. and proceeded to the second story of apartment building N while investigating the "shots fired" call. As officers made their way down a hallway in a common area of the apartment building, they observed an individual, who was later identified as Callen WILLIAMS, standing in the hallway holding what appeared to be a short barreled firearm. As the officers approached, WILLIAMS raised the firearm and pointed it at them.

5. The officers verbally commanded WILLIAMS to place the firearm on the ground and put his hands in the air. WILLIAMS obeyed the officer's commands and the officers took WILLIAMS into custody without incident.

6. The officers observed that WILLIAMS' eyes were bloodshot and watery, that speech was slurred, and that he was mumbling. The officers could smell the odor of marijuana on WILLIAMS person. They also smelled the odor of marijuana emanating from the inside of WILLIAMS apartment, which was identified as apartment number N19.

7. The officers retrieved the firearm and noticed that the firearm contained an inserted thirty (30) round magazine, loaded with eight (8) rounds of ammunition, firmly seated inside of the magazine well. The officers conducted a clearing procedure on the firearm and found one (1) "live" round in the chamber and noticed that the safety selector on the firearm was in the "fire" position.

8. WILLIAMS asked the officers why they were at the location. The officers explained that they were responding to a "shots fired' call. WILLIAMS advised the officers that someone knocked on the door of his apartment. WILLIAMS stated that an unknown individual shot at him when he opened the door. WILLIAMS stated that he retrieved the aforementioned firearm to use in self-defense and that was when he encountered the officers.

9. The officers observed damage to the inside wall of WILLIAMS apartment that was consistent with a ballistic projectile being shot from inside the apartment. The officers also located evidence across the hallway which was also consistent with being shot by a ballistic projectile.

10. The officers spoke to WILLIAMS' girlfriend (S.S) who was located inside of WILLIAMS apartment. S.S. stated that she did not hear any gunshots. S.S. stated that WILLIAMS had been taking Xanax due to an injury that he sustained from a recent car accident.

11. WILLIAMS was placed in the back of a MNPD patrol unit for transport the Davidson County Sheriff's Office (DCSO) Jail. While in route, WILLIAMS stated that he was going to "Put a hit out…I'm going to make bail tonight, get a gun, find out where all of ya'll live because it is public record, and kill ya'll."

12. WILLIAMS was charged with Assault on Officers Responding-Aggravated-Deadly Weapon, Possession of a Weapon-Handgun, Possession of a Handgun While Under the Influence, Retaliation for Past Action, Reckless Endangerment of an Occupied Habitation, and Aggravated Assault-Deadly Weapon. WILLIAMS was also charged with Contraband in a Penal Institution-Intoxication/Controlled Substance because he was found in possession of eight (8) Xanax bars.

13. The officers transported the aforementioned firearm, nine (9) rounds of .223 ammunition and eight (8) Xanax bars to the MNPD Property and Evidence Room for storage and preservation as evidence.

14. During the course of the investigation ATF Special Agent Kurt Wiest, a qualified ATF Firearms Interstate Nexus Expert, analyzed photographs of the firearm described herein. SA Wiest was able to determine that the firearm depicted in the photographs is a firearm, as defined by 18 U.S.C. § 921(a)(3), and has probable cause to believe that the firearm was not manufactured in the state of Tennessee, and, therefore, at some point in time, traveled in and affected interstate or foreign commerce.

15. SA Wiest examined the firearm and determined that it is a SWAT Firearms Inc. model MSR-15-2 caliber Multi lower receiver bearing serial number SFI-2-10449, which has been coupled with a caliber .223/5.56 upper receiver that has a barrel that is less than 16" in length to make a complete Any Other Weapon (AOW) - Weapon Made From a Pistol (WMFP) due to the attached vertical foregrip on the picatinny rail.

16. Pursuant to Title 18, United States Code Section 5841(d), a person possessing a firearm as defined in Chapter 53 of Title 26, must register that firearm with the Secretary of the Treasury under the National Firearms Act. Under Title 18, United States Code Section 5845(a), a "firearm" is defined as a "weapon made from a rifle if such a weapon as modified has…a barrel less than 16 inches in length" and, under § 5845(e), "any other weapon" is defined (among other definitions) as "weapons with combination shotgun and rifle barrels 12 inches or more, less than 18 inches in length".

17. SA Mason submitted a request to the ATF National Firearms and Ammunition Destruction Branch (NFAD) and requested a NFA lookup on the firearm utilizing the firearms description and querying WILLIAMS name, date of birth, and social security number. The National Firearm Registration and Transfer Record (NFRTR) database was queried which resulted in no records found and indicated that the weapon had not been registered by WILLIAMS prior to him possessing it.

18. Based on the foregoing, I submit that there is probable cause to believe that Callen WILLIAMS committed a violation of 26 U.S.C. § 5861(d). I respectfully request that an arrest warrant be issued for WILLIAMS for this offense.